# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GCC ALLIANCE CONCRETE, INC.,<br><br>    Defendant. | No. CR11-4071-MWB<br><br>**AMENDED REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY** |

_____

On May 20, 2011, the above-named defendant corporation, by consent, appeared before the undersigned United States Magistrate Judge pursuant to Federal Rule of Criminal Procedure 11, and entered pleas of guilty to Counts One, Two, and Three of the Information. After cautioning and examining the representative for the corporation under oath concerning each of the subjects mentioned in Rule 11, the court determined that the guilty pleas entered by the corporation were knowledgeable, voluntary, and fully authorized, and the offenses charged against the corporation were supported by an independent basis in fact containing each of the essential elements of the offenses. The court therefore **RECOMMENDS** that the pleas of guilty be accepted and the defendant corporation be adjudged guilty.

At the commencement of the Rule 11 proceeding, the representative for the defendant corporation was placed under oath and advised that if he answered any questions falsely, he could be prosecuted for perjury or for making a false statement. He also was advised that in any such prosecution, the Government could use against him any statements he made under oath.

The representative for the defendant corporation acknowledged that he had received a copy of the Information, and that he had fully discussed these charges with the corporation and its attorneys, and he acknowledged that the corporation had waived its

right to have these charges brought in an Indictment, and had agreed that the charges could be brought in an Information.

The court determined that the defendant corporation was pleading guilty under a plea agreement with the Government. After confirming that a copy of the written plea agreement was in front of the representative for the defendant corporation and his attorney, the court determined that the Defendant corporation understood the terms of the plea agreement. The court then had the attorney for the government summarize the plea agreement. The court made certain the representative for the defendant corporation understood its terms.

The representative for the defendant corporation was advised also that after the pleas were accepted, the corporation would have no right to withdraw the pleas at a later date, even if the sentence imposed was different from what the corporation or its counsel anticipated.

The court summarized the charges against the defendant corporation, and listed the elements of the crimes. The court determined that the defendant corporation understood each and every element of the crimes, ascertained that his counsel had explained each and every element of the crimes fully to him, and the defendant corporation's counsel confirmed that the defendant corporation understood each and every element of the crimes charged.

The court then had the attorney for the government elicit a full and complete factual basis for all elements of the crimes charged in each Count of the Information.

The court advised the defendant corporation of the consequences of its pleas, including, for each Count, the maximum fine, the maximum term of imprisonment, and the mandatory minimum term of imprisonment.

With respect to Counts **One, Two and Three**, the defendant corporation was advised that as to each Count the fine is an amount equal to the greatest of:

(a) **$100,000,000** (15 U.S.C. § 1),

(b) **twice the gross pecuniary gain the conspirators derived frm the crime** (18 U.S.C. § 3571(c) and (d)), or

(c) **twice the gross pecuniary loss caused to the victims of the crime by the conspirators** (18 U.S.C. § 3571(c) and (d);

(d) pursuant to 18 U.S.C. § 3571(c)(1), the court may impose a term of probation of at least **one year**, but not more than **five years**;

(e) pursuant to § 8B1.1 of the United States Sentencing Guidelines ("U.S.S.G." "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. §§ 3563(b)(2) or 3663(a)(3), the court may order the defendant to pay restitution to the victims of the offense; and

(f) pursuant to 18 U.S.C. § 3013(a)(2)(B), the court is required to order the defendant to pay a **$400.00** special assessment upon conviction, for a total of **$1,200.00**.

The defendant corporation also was advised that in the plea agreement, the parties had agreed that the guideline range for the fine was between $478,885 and $957,770, and that the fine would be payable in full before the 15th day after the date of judgment.

The court also explained to the defendant corporation that the district judge would determine the appropriate sentence at the sentencing hearing. The representative for the defendant corporation confirmed that he understood the court would not determine the appropriate sentence until after the preparation of a presentence report, which the parties would have the opportunity to challenge. The representative acknowledged that he understood the sentence imposed might be different from what his attorney had estimated. He also acknowledged that the plea agreement contains an appeal waiver, and on behalf of the corporation, he agreed to the waiver of appeal rights as set out in that waiver.

The representative for the defendant corporation indicated that the corporation had conferred fully with its counsel. He acknowledged that the corporation had been advised fully of its right to plead not guilty, and to have a jury trial, including:

1. The right to assistance of counsel at every stage of the pretrial and trial proceedings;

2. The right to a speedy, public trial;

3. The right to have the case tried by a jury selected from a cross-section of the community;

4. That the corporation would be presumed innocent at each stage of the proceedings, and would be found not guilty unless the Government could prove each and every element of the offense beyond a reasonable doubt;

5. That the Government could call witnesses into court, but the defendant's attorney would have the right to confront and cross-examine these witnesses;

6. That the representatives of the defendant would have the right to see and hear all witnesses presented at trial;

7. That the defendant would have the right to subpoena defense witnesses to testify at the trial;

8. That any verdict by the jury would have to be unanimous;

10. That the corporation would have the right to appeal.

The defendant corporation also was advised that if it pled guilty, there would be no trial, and it would waive all the trial rights just described and be adjudged guilty without any further proceedings except for sentencing.

The representative of the defendant corporation then confirmed that the corporation's decision to plead guilty was voluntary and was not the result of any promises other than plea agreement promises; no one had promised what the sentence would be; and the corporation's decision to plead guilty was not the result of any threats, force, or anyone pressuring the corporation to plead guilty.

The representative of the defendant corporation then confirmed that the corporation still wished to plead guilty, and on behalf of the corporation, he pled guilty to Counts One, Two and Three of the Information.

The court finds the following with respect to the guilty pleas:

4

1. The guilty pleas are voluntary, knowing, and not the result of force, threats or promises, except plea agreement promises.

2. The defendant corporation is aware of the maximum punishment.

3. The defendant corporation knows its jury rights.

4. The defendant corporation has voluntarily waived its jury rights.

5. There is a factual basis for the pleas.

6. The defendant corporation is, in fact, guilty of the crimes to which it has pled guilty.

The defendant corporation was advised that a written presentence investigation report would be prepared to assist the court in sentencing. The defendant corporation was told that it and its counsel would have an opportunity to read the presentence report before the sentencing hearing and to object to the contents of the report, and it would be afforded the opportunity to present evidence and be heard at the sentencing hearing.

The defendant corporation was advised that the failure to file written objections to this Report and Recommendation within 14 days of the date of its service would bar the corporation from attacking this court's Report and Recommendation, which recommends that the assigned United States District Judge accept the defendant corporation's pleas of guilty. A copy of this Report and Recommendation was electronically served on the defendant corporation and its attorney on this date.

**DONE AND ENTERED** at Sioux City, Iowa, this 20th day of May, 2011.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT